Joyce A. Parker
2645 Aisquith Street
Baltimore, Maryland 21218

Plaintiff,

v.

University of Maryland Medical Center
Midtown Campus
827 Linden Avenue
Baltimore, Maryland 21201

Defendant.

Serve On:

Megan M. Arthur, Esquire
24th Floor
250 West Pratt Street
Baltimore, MD 21201

IN THE
CIRCUIT COURT
OF MARYLAND
FOR
BALTIMORE CITY

Case No. 24-C-15-004053

JURY TRIAL DEMAND

RECEIVED MMCIP 2015 APR 12 P 4:12

2015 AUG -3 PM 4:19 CIVIL DIVISION

* * * * * * * * * * * * *

## COMPLAINT

NOW COMES, Joyce Parker, Plaintiff, through counsel, Thomas B. Corbin & Associates, LLC, and complains against University of Maryland Medical Center Midtown Campus, Defendant, (hereinafter "Defendant or MTC"), and as grounds therefore states:

## Administrative Procedure

1. In March 2014, Plaintiff filed a complaint against Defendant with the U.S. Equal Employment Opportunity Commission for the District of Maryland (EEOC) alleging age and disability discrimination.
2. On May 1, 2015, EEOC issued a Notice of Suit Rights.

## Allegations Common to All Counts

3. Plaintiff is a resident of Baltimore, Maryland.
4. Defendant, University of Maryland Medical Center Midtown Campus, provides healthcare services in the Baltimore metropolitan area.
5. Plaintiff commenced her employment with Defendant in December 1997.
6. Plaintiff's last position with Defendant was that of a billing specialist.
7. Plaintiff performed her duties satisfactorily during all relevant times of the Complaint.
8. On February 8, 2012, Plaintiff slipped and fell while working.
9. As a result, Plaintiff seriously injured herself.
10. Plaintiff's injuries included, but were not limited to, her lumbar spine, and lower extremities.
11. In June 2012, Plaintiff filed a claim with the Workers' Compensation Commission.
12. On February 11, 2013, after a course of physical therapy and pain management, Plaintiff underwent surgery on her lower back.
13. On July 3, 2013, Defendant terminated Plaintiff's employment.

**COUNT I**
**(Wrongful Discharge Against Public Policy)**

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 with the same effect as if herein fully set forth.
15. On July 3, 2013, Defendant terminated Plaintiff's employment.
16. The sole basis for the termination was retaliation for filing the workers' compensation claim.
17. Plaintiff's termination was wrongful and without any cause, in that it resulted from Plaintiff's statutory right to file a claim with the Workers' Compensation Commission.
18. The avowed public policy of the State of Maryland provides for benefits pursuant to the Workers' Compensation Act, codified as Md. Code Ann. Lab. & Emp. §§ 9-101 through 9-1201.
19. Defendant's termination of Plaintiff was deliberate, malicious, willful and intentionally calculated to inflict harm upon Plaintiff.
20. Plaintiff has been left unemployed, deprived of salary and benefits, and has suffered damaged to her reputation.

**COUNT II**
**(Disability Discrimination pursuant to Title VII)**

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 with the same effect as if herein fully set forth.
22. On February 8, 2012, Plaintiff slipped and fell while working.
23. As a result, Plaintiff seriously injured herself.

24. Plaintiff's injuries included, but were not limited to, her lumbar spine, and lower extremities.

25. On February 11, 2013, after a course of physical therapy and pain management, Plaintiff underwent surgery on her lower back.

26. It was subsequently determined that Plaintiff permanently injured her lower back.

27. The aforementioned disability substantially limited the major activities of working, concentrating and sleeping.

28. While on leave, Plaintiff was never offered any accommodation(s).

29. Similarly-situated employees who were not disabled, and were younger than Plaintiff, were treated more favorably than her, concerning the terms and conditions of her employment with Defendant.

30. Plaintiff's disability status was a factor in Defendant's decision to terminate her employment.

**COUNT III**
**(Age Discrimination pursuant to the Age Discrimination in Employment Act)**

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 with the same effect as if herein fully set forth.

32. Plaintiff is in the protected class of age.

33. Defendant treated Plaintiff less favorably than other employees who were younger than she was.

34. Plaintiff's age was a factor in Defendant's decision to terminate her employment.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

A. A declaratory judgment that the Defendant did discriminate against her on the basis of disability and age;

B. That the Court enjoins Defendant from engaging in said discriminatory acts;

C. That the Court orders appropriate affirmative relief, including the provision of requested accommodations;

D. That the Court awards Plaintiff $500,000 in compensatory damages;

E. That the Court awards Plaintiff $500,000 in punitive damages with interest;

F. An award of attorney's fees; and

G. Such other and further relief as this Court deems appropriate.

**Demand for Jury Trial**

Plaintiff demands a trial by jury for all issues pled herein so triable.

Dated: July 10, 2015.

Respectfully Submitted,

**Thomas B. Corbin & Associates, LLC**

Thomas B. Corbin
201 North Charles Street
Suite 1106
Baltimore, Maryland 21201
(410) 685-0400
(410) 685-0707 Fax
email: thoscorbin@aol.com

Counsel for Plaintiff